J-S04019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTIAN VANCE JOY, | |
| Appellee | No. 860 MDA 2014 |

Appeal from the PCRA Order entered May 16, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0005188-2009

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 09, 2015**

In this appeal, the Commonwealth contends that the PCRA[1] court erred in granting Christian Vance Joy ("Appellee") a new trial based on its finding of ineffective assistance of counsel.

In providing post-conviction relief on May 16, 2014, the PCRA court provided no basis for its decision.  ***See, e.g.***, Commonwealth Brief at 8-9 ("[The PCRA court] issued a single-paragraph order on May 16, 2014, stating that [Appellee's] conviction is overturned based upon ineffective assistance of counsel without facts or conclusions of law cited to in support of this decision.").  The Commonwealth appealed on May 19, 2014, and

_____

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.


*Retired Senior Judge assigned to the Superior Court.

despite ordering the parties to comply with Pa.R.A.P. 1925(b), the PCRA court filed an opinion, but, "As of the time of filing of [Appellee's] brief, neither [the Commonwealth] nor Appellee ha[d] received a copy of this opinion to the best of Appellee's knowledge." Appellee's Brief at 10. Upon review, it appears that both parties had to prepare their appellate briefs given this shortcoming.

On January 13, 2015, this Court received the PCRA court's Pa.R.A.P. 1925(a) opinion, dated January 9, 2015, as a supplemental record. Appellee has asserted, "As neither Appellant nor Appellee received a copy the PCRA Court's Opinion, neither side has been prejudiced without it." *Id*. at 33. However, Appellee also states, "Appellee asserts that an appropriate order would be to direct the PCRA Court to make copies available to both Parties and allow a limited briefing window to follow for them to address the 1925(a) opinion." *Id*. Our review of the January 9, 2015 Rule 1925(a) opinion indicates that "Distribution" of the opinion to the parties was effectuated the same day, on January 9, 2015. PCRA Court Opinion, 1/9/15, at 7.

Given the foregoing, we remand this case to this Court's prothonotary to establish a new briefing schedule. *See Commonwealth v. Williams*, 732 A.2d 1167, 1192 (Pa. 1999) (Castille, J., concurring) (explaining that "Pa.R.A.P. 1925(a) fulfills an important policy consideration by providing the parties . . . the legal basis for a judicial decision).

Case remanded for new briefing schedule to allow the parties to address the PCRA court's Pa.R.A.P. 1925(a) opinion. Panel jurisdiction retained.